**In the Matter of Daniel F. ZIELINSKI, Respondent.**

No. 32S00–1003–DI–153.

Supreme Court of Indiana.

March 21, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A criminal defendant hired Respondent to represent him for a flat fee of $15,000. Respondent prepared for trial three times, filed a motion in limine, conducted plea negotiations, prepared a sentencing memorandum, and represented the client at hearings on a motion to suppress and on sentencing. After the client was convicted of two felonies, Respondent told the client he had done much more work than anticipated and asked for additional compensation. The client agreed that Respondent would be paid $17,000 from a $20,000 cash bond. Respondent did not give the client written advice of the desirability of seeking the advice of independent counsel and the client did not consent in writing to the renegotiation of the fee agreement. Respondent began working on an appeal but the client soon terminated his representation. Respondent was paid and retained the additional $17,000 for his services until he refunded $5,000 to the client after the Commission filed its verified complaint against Respondent.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.8(a): Entering into a business transaction (a fee renegotiation) with a client unless the client is given

written advice of the desirability of seeking the advice of independent counsel and the client consents in writing to the transaction. 1.16(d):

1.16(d): Failure to refund an unearned fee.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who dissent, believing that for the offenses charged the penalty is insufficient.